**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Peter Mario PALMERE, Defendant-Appellant.**

**No. 77–5310.**

United States Court of Appeals, Fifth Circuit.

Aug. 9, 1978.

Rehearing Denied Oct. 2, 1978.

Before CLARK and GEE, Circuit Judges, and LYNNE,* District Judge.

PER CURIAM:

Upon his return from a trip to Colombia, defendant's baggage was inspected by customs and found to contain one and one-third pounds of cocaine. Defendant declared then and at trial that he did not know that the leather tennis bag, which he said was a gift from his traveling companion's brother, contained cocaine. The jury convicted defendant of importation and possession with intent to distribute. Defendant appeals.

Defendant first contends that the trial judge should have granted his motion for acquittal at the close of the government's evidence under the standard of *United States v. Haggins*, 545 F.2d 1009 (5th Cir. 1977). That standard is whether a reasonably minded jury must necessarily have entertained a reasonable doubt as to defendant's guilt. Defendant stresses the fact that all the evidence of his knowledge that his bags contained cocaine is circumstantial and that his character witness was unimpeached.

Of course, the same test is used whether the evidence is direct or circumstantial. *United States v. Muller*, 550 F.2d 1375 (5th Cir. 1977). The standard to be applied by the trial judge is whether the jury might reasonably have concluded that the evidence failed to exclude every reasonable hypothesis but that of guilt. *United States v. Haggins*, 545 F.2d 1009 (5th Cir. 1977). Nor can the testimony of a character witness alone (even unimpeached) automatically create reasonable doubt. Nor is defendant's version of what happened such as to compel belief. He testified that the brother of a friend had given the bag to him as a present. According to defendant, this person brought the bag to defendant's hotel room while defendant was asleep, and

Kerry J. Nahoom, Fort Lauderdale, Fla., for defendant-appellant.

John V. Eskenazi, U. S. Atty., Jamie L. Whitten, Asst. U. S. Attys., Miami, Fla., for plaintiff-appellee.

* Senior District Judge of the Northern District of Alabama, sitting by designation.

defendant's traveling companion, who had paid for defendant's air fare to and from Colombia, packed this bag for him. The government put on evidence that the large amount of cocaine produced a noticeable bulge in the bag which defendant should have noticed. We conclude that the jury could appropriately have found beyond a reasonable doubt that guilt existed.

■ Defendant next contends that the judge erred in not giving a requested absent-witness instruction, citing authorities for the proposition that the failure of a party to call a witness peculiarly within the party's power to call produces an inference that the witness' testimony would be unfavorable to that party. Here both defendant and the government had power to call this person, the traveling companion of defendant, as a witness. The record indicates that defense counsel had originally requested the government to bring the witness, who was being held at Eglin Air Force Base, to Fort Lauderdale, where the trial was being held. Defense counsel then changed his mind and stated that he did not want this witness. Later on, when the government stated that it did not wish to produce this witness because of the delay it would entail to transfer the witness from Eglin to Fort Lauderdale, the court agreed to try to do what it could to speed things up if both the government and the defense wished it to do so. The government was agreeable to this, but defense counsel refused. Defendant does not deny that it was within his power to call the witness. This point is meritless.

■ At trial the following exchange took place on cross examination by the prosecutor of defendant's character witness:

Q. You said you would believe Mr. Palmere under oath and that his reputation according to your opinion as having been truthful and living up to his obligations.

A. Yes.

Q. If you knew that he smuggled cocaine, would you have the same opinion?

A. I would doubt that he would do something like that.

Q. But if you knew that he smuggled cocaine would you have the same opinion of his truth and veracity?

[Defense counsel]: Excuse me, judge, it's been asked and it's been answered.

The court: Sustained.

Defendant argues that the prosecution's asking of this question was so prejudicial to defendant that his conviction must be reversed. Defendant relies on the recent case of *United States v. Candelaria-Gonzalez*, 547 F.2d 291 (5th Cir. 1977). In that case the prosecutor had asked several of defendant's character witnesses if they would still think defendant's reputation for having good character would exist if defendant were convicted of trafficking in narcotics, the charge against him at that trial. The question was asked of three witnesses, and defense counsel objected each time on the grounds of prejudice. Twice the court overruled defense objection, but the third time the court sustained it. With respect to the two witnesses of whom the prosecution was allowed to ask the question, one witness stated that it would affect the defendant's reputation, and the other witness stated that he did not know how to answer that question. On appeal we held that the district court had abused its discretion in allowing the prosecutor to ask these hypothetical questions since, first of all, the questions were not relevant to the issue of the defendant's reputation for good character since that is a matter of definite opinions held by the community, and, second, these hypothetical questions were based on the assumption of defendant's guilt.

In *Candelaria* the primary ground of reversal was the appearance of hostility toward the defense manifested by the court. We need not determine here whether under its authority a repeated resort by the prosecution to hypothetical questions of this sort is sufficient in and of itself to require reversal, since here the sole objection voiced was on grounds of repetitiveness. Thus, any reversal here would have to rest on a determination that one asking of such questions constitutes plain error. We conclude that it does not.

■ Defendant next complains of an instruction in which the judge called the jury's attention to the fact that the defendant had an interest in the outcome of the case, citing cases from other circuits to the effect that the judge should not call any special attention to such interest. Our law is otherwise: *Nelson v. United States*, 415 F.2d 483 (5th Cir. 1969), categorically approved such an instruction.

■ Defendant also complains of the admission of evidence of the "street value" of the cocaine, maintaining that his defense focused on absence of knowledge rather than on want of intent. However that may be, intent to distribute was a required element of proof for conviction here, and evidence of price or quantity of a narcotic possessed is generally relevant to intent. *United States v. Marchildon*, 519 F.2d 337 (8th Cir. 1975); *United States v. Perry*, 480 F.2d 147 (5th Cir. 1973). The trial judge did not abuse his discretion in admitting it.

AFFIRMED.