**UNITED STATES of America**

v.

**Michael David MARSHALL.**

**Crim. A. No. CR80–226A.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Dec. 9, 1980.

court reserved ruling on the motion at the conclusion of the defendant's case pursuant to Rule 29(b), submitting the case to the jury. Following the return of a verdict of guilty as to both counts, the defendant now renews his motion pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure and urges the court to set aside the verdict and enter judgment of acquittal as to both counts of the indictment.

 The defendant contends, among other things, that the evidence was insufficient to establish an essential element of a violation of section 659, *i. e.*, that the allegedly stolen goods were part of an interstate shipment. The appropriate standard when considering a motion for a judgment of acquittal is "... whether a reasonably minded jury must necessarily have entertained a reasonable doubt as to the defendant's guilt." *United States v. Palmere,* 578 F.2d 105, 106 (5th Cir. 1978); *United States v. Haggins,* 545 F.2d 1009 (5th Cir. 1977). Viewing the evidence in a light most favorable to the government, the relevant facts are as follows.

Craig A. Gillen, Asst. U. S. Atty., Atlanta, Ga., for plaintiff.

Jay L. Strongwater, Asst. Federal Public Defender, Atlanta, Ga., for defendant.

## ORDER

TIDWELL, District Judge.

Following indictment in August, 1980, the defendant in the above–styled matter was tried on November 5, 1980 for conspiracy to steal a trailer of manufactured engines, transmissions and auto parts which were allegedly moving as an interstate shipment of freight in violation of 18 U.S.C. § 371 as well as the substantive offense of the actual theft in violation of 18 U.S.C. § 659. At the close of the government's case–in–chief, the defendant made a motion for a judgment of acquittal as to both counts of the indictment pursuant to Rule 29(a) of the Federal Rules of Criminal Procedure, which motion was renewed at the conclusion of the defendant's case. The

On June 5, 1978, a trailer of manufactured automobile parts was driven from the Oklahoma office of the Fred Jones Company to the Atlanta, Georgia office of the same company by an employee of the Fred Jones Company ("Oklahoma shipment"). An employee of the Atlanta office, Mr. Culpepper, testified that as he left the Atlanta building around 5:30 p. m. on the evening of June 6, 1978, a load of used parts had been prepared for shipment to the Oklahoma office for rebuilding. Later in the evening, the driver arrived in Atlanta with the Oklahoma shipment for delivery to the Fred Jones Atlanta office. He opened the locked gate of the fence surrounding the Atlanta office yard and drove his tractor and trailer into the yard. After backing the trailer containing the Oklahoma shipment up to the building, the driver detached the trailer from the tractor, leaving the trailer sealed. The driver then attached his tractor to the trailer containing the shipment bound for Oklahoma and proceed-

ed to leave. Upon leaving the yard, the driver secured the fence and departed for Oklahoma. Sometime later that same evening, Mr. Culpepper returned to the Atlanta office and discovered the fence gate open and the lock missing. He also noticed that the trailer prepared for delivery to Oklahoma was gone. After contacting the Oklahoma office, Mr. Culpepper reported the theft of the trailer and Oklahoma shipment.

 The defendant contends that the trailer containing the Oklahoma shipment had come to rest in Atlanta and had lost its interstate character at the time of the alleged theft. The test for determining whether a shipment is in interstate commerce for purposes of supporting a conviction under 18 U.S.C. § 659 is

> a practical one, depending upon the relationship between the consignee, consignor, and carrier, the indicia of interstate commerce *at the time the theft occurs*, and the preservation of the congressional intent. *United States v. Cousins*, 427 F.2d 382, 385 (9th Cir. 1970).

*United States v. Gates*, 528 F.2d 1045, 1047 (5th Cir. 1976). (emphasis added).

Moreover, where the goods have apparently come to rest at the time of the alleged theft, the facts must indicate that the goods were "part of a *continuing* interstate shipment." *Id.* (emphasis added). In the case at bar, the facts strongly indicate that the interstate shipment was not continuing, but in fact had come to an end at the time the theft occurred. Although the Fred Jones Company's normal practice was to wait until the next working day to unload trailers which arrived after working hours, there was no evidence that final delivery of the shipment to the Atlanta office was not effected by leaving a detached trailer within the secured yard backed up to the building. Accordingly, the interstate character of the goods on the trailer containing the Oklahoma shipment had ended at the time of the theft.

 The evidence in the instant case, viewed in a light most favorable to the government, indicates that when the alleged theft occurred, the goods were not "moving as or . . . a part of or . . . constitut[ing] an interstate or foreign shipment . . ." within the ambit of 18 U.S.C. § 659. Accordingly, the government failed to establish an essential element of both the substantive offense and the conspiracy. Therefore, a judgment of acquittal must be ordered.

Accordingly, for the foregoing reasons, the court hereby orders that the verdict of the jury in this matter be set aside and a judgment of acquittal be entered for the defendant as to both counts of the indictment.