UNITED STATES of America, Appellee,

v.

Hector Alfredo Viceconte PAONE, Defendant, Appellant.

No. 84–1144.

United States Court of Appeals, First Circuit.

Heard Feb. 7, 1985.

Decided March 29, 1985.

Francisco M. Dolz Sanchez, San Juan, P.R., for defendant, appellant.

Antonio R. Bazan, Asst. U.S. Atty., with whom Daniel Lopez Romo, U.S. Atty., Hato Rey, P.R., was on brief for appellee.

Before COFFIN, Circuit Judge, WISDOM,* Senior Circuit Judge, and BOWNES, Circuit Judge.

COFFIN, Circuit Judge.

Appellant, Hector Alfredo Viceconte Paone, appeals his conviction upon an indictment charging him with violations of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 for possession with intent to distribute approximately 309 grams of cocaine. Two co-defendants entered pleas of guilty before trial. Appellant and another co-defendant stood trial and on December 31, 1983, appellant was convicted and his co-defendant was acquitted. Appellant raises the issue of sufficiency of the evidence in this appeal, and a variance claim, arguing that the

evidence presented at trial constructively amended the indictment; he also challenges the inconsistency in the verdicts against him and for his co-defendant. We affirm.

■ The primary issue presented by this appeal is whether there is evidence to support a jury finding that appellant was guilty at least as an aider and abetter. The proper test to be applied when the evidence is largely circumstantial is "whether the total evidence, including reasonable inferences, when put together is sufficient to warrant a jury to conclude that defendant is guilty beyond a reasonable doubt." *Dirring v. United States*, 328 F.2d 512, 515 (1st Cir.1964); *United States v. Francomano*, 554 F.2d 483, 486 (1st Cir.1977); *United States v. Mehtala*, 578 F.2d 6, 10 (1st Cir.1978).

■ We look to the test set out by the Supreme Court in *Nye & Nissen v. United States*, 336 U.S. 613, 619, 69 S.Ct. 766, 770, 93 L.Ed. 919 (1949), to determine whether a party is an aider or abetter.

"In order to aid and abet another to commit a crime it is necessary that a defendant 'in some sort associate himself with the venture, that he participate in it as in something that he wishes to bring about, that he seek by his action to make it succeed.' L. Hand, J., in *United States v. Peoni*, 100 F.2d 401, 402 [2 Cir.1938]."

We have characterized this test as meaning that " '[m]ere association between the principal and those accused of aiding and abetting is not sufficient to establish guilt; nor is mere presence at the scene and knowledge that a crime was to be committed sufficient to establish aiding and abetting.' (citations omitted)." *United States v. Mehtala*, 578 F.2d 6, 10 (1st Cir.1978).

We cannot say that the evidence in this case, viewed as it must be in the light most favorable to the government, is insufficient to support the jury verdict against appellant. The evidence offered by the government against appellant was as follows: At about 6 p.m. on October 29, 1983, in the

* Of the Fifth Circuit, sitting by designation.

parking lot of the Plaza Las Americas shopping center in Hato Rey, Puerto Rico, appellant was sitting in the back seat of a car when co-defendant Elvio Eduardo Gonzalez Rivas allegedly handed a sample consisting of 23.8 grams of cocaine to an undercover police agent. At about 8:15 p.m., appellant was observed talking with co-defendant Gonzalez Rivas in a cafeteria across the street from the Palace Hotel in Isla Verde, Puerto Rico. Appellant appeared to follow Gonzalez Rivas to the hotel, where he waited at the entrance to the lobby while Gonzalez Rivas met with an undercover agent nearby. Finally, appellant followed Gonzalez Rivas and the undercover agent out of the hotel as they walked toward the agent's car supposedly to get the money for the cocaine. When the undercover agent opened the car trunk, Gonzalez Rivas was arrested; appellant, who also had been walking toward the car, but behind the others, suddenly turned and started to walk in the opposite direction. He was then arrested.

■ The government's theory of appellant's involvement was that he provided security or "counter surveillance" by watching over the transactions with the undercover agents. The government also suggested that appellant owned the cocaine offered for sale. Whether or not the government's security and ownership theories were correct, we believe the evidence of appellant's participation was sufficient to justify the jury finding him guilty beyond a reasonable doubt. Appellant was present not at only one encounter between Gonzalez Rivas and undercover agents, but at several critical steps of the transaction. In light of appellant's repeated presence at important junctures of this drug deal, it was entirely reasonable for the jury to conclude that his appearances were not coincidental and that he was a participant who sought to bring about the cocaine sale.

This case is unlike *Francomano,* 554 F.2d 483, where the only evidence against the defendants was that they were crew members aboard a boat being used to import marijuana into the United States. The defendants in *Francomano* had no control over the operation of the boat or the contents of its cargo; there was no indication they knew the boat was being used to carry drugs and there was evidence that the defendants all desired to be on the ship simply for the experience and adventure of travel. This case would be strikingly similar to *Francomano* if appellant's only contact with the transaction had been his presence in the back seat of the car when Gonzalez Rivas handed over the sample cocaine. Appellant's subsequent shadowing of Gonzalez Rivas at nearly every step of the deal makes this case significantly different from *Francomano.*

■ Appellant also argues that the evidence at trial concerning the 23.8-gram sample of cocaine constructively amended his indictment; his theory is that the sample transaction constituted another crime not charged in the indictment. We disagree. Appellant was charged in connection with the sale of 309 grams of cocaine. The evidence of his presence during the sample transaction was one part of the government's larger case linking him circumstantially with the 309 grams. This is not a case in which "the facts proved at trial are different from those alleged in the indictment", *United States v. George,* 752 F.2d 749, 753 (1st Cir.1985); *United States v. Flaherty,* 668 F.2d 566 (1st Cir.1981). Appellant was charged and tried in connection with the full amount of cocaine. Nor do the allegedly inconsistent verdicts require a new trial for appellant. *United States v. Cyr,* 712 F.2d 729, 732 (1st Cir.1983); *Harris v. Rivera,* 454 U.S. 339, 345, 102 S.Ct. 460, 464, 70 L.Ed.2d 530 (1981).

*The judgment of conviction is affirmed.*