USCA1 Opinion

 

 November 18, 1992 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-1031 UNITED STATES OF AMERICA, Appellee, v. EDWIN COFRESI-RUIZ, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Hector M. Laffitte, U.S. District Judge] ___________________ ____________________ Before Torruella, Circuit Judge, _____________ Campbell, Senior Circuit Judge, ____________________ and Skinner,* Senior District Judge. _____________________ ____________________ Edwin Cofresi on brief pro se. _____________ Daniel F. Lopez Romo, United States Attorney, Antonio R. Bazan, ______________________ ________________ Assistant United States Attorney, and Jose A. Quiles Espinosa, Senior ________________________ Litigation Counsel, on brief for appellee. ____________________ ____________________ _______________________________ *Of the District of Massachusetts, sitting by designation. Per Curiam. Edwin Cofresi-Ruiz was convicted of __________ aiding and abetting co-defendant, Evaristo Carrasquillo- Ramos, in distributing cocaine in violation of 21 U.S.C. 841(a)(1) and 18 U.S.C. 2, and of carrying a firearm during and in relation to that drug trafficking offense in violation of 18 U.S.C. 924(c)(1). He now challenges the sufficiency of the evidence and the district court's denial of his motion to sever his trial from that of his co-defendant. We affirm. BACKGROUND __________ The relevant facts are not in dispute. In a taped telephone call, a confidential informant for the government arranged to purchase cocaine from Carrasquillo. By pre- arrangement, the informant met Carrasquillo at a shopping center where the exchange of cocaine for cash was to take place. Cofresi, whose name had not been mentioned in the telephone conversation, drove Carrasquillo to the shopping center. While seated in the car with Cofresi, Carrasquillo instructed the informant to drive to a restaurant parking lot located nearby since there were too many people at the shopping center. Cofresi drove Carrasquillo to the restaurant parking lot. While waiting for the informant to arrive at the new location, Carrasquillo and Cofresi were seen standing and conversing next to Cofresi's car. After the informant arrived, Carrasquillo gave her the cocaine. During the transfer of cocaine, Cofresi stood apart from Carrasquillo and the informant, and at one point was observed to have leaned into his car. Carrasquillo then accompanied the informant back to her car to pick up the money, and was arrested when the informant opened her car trunk. As the police arrested Carrasquillo, Cofresi, who had seated himself in his car, got out of the car and moved swiftly toward the front of the car. At that point, police officers approached and arrested him. When one of the officers looked into Cofresi's car, he saw a .44 Magnum revolver located in a console between the driver's and front passenger's seat with the handle turned up. The gun, which was loaded at the time and licensed to Cofresi, subsequently was found to be operable. DISCUSSION __________ I. Aiding and Abetting ___________________ Cofresi claims that the evidence was insufficient to show that he had aided and abetted Carrasquillo in the sale of the cocaine. He points out that the informant had not seen whether the cocaine had been taken from his car and had not testified that she knew Cofresi or knew that he was involved in drug trafficking activity. Rather than engaging in a drug transaction, he contends that he was giving Carrasquillo a ride home, and thought that they were stopping at the restaurant for a beer. Because his only demonstrated -3- involvement in the drug sale was his presence at the scene of the sale, Cofresi claims that the evidence was insufficient to convict him even if he knew that a drug sale was taking place. Although the evidence may not have shown that Cofresi was a prime mover behind the drug sale, we are satisfied that it showed that he participated willingly in the transaction in order to ensure its success. He drove Carrasquillo to the site of the prearranged drug deal, he was in the car with Carrasquillo when Carrasquillo told the informant to move to a new location since he apparently believed that the presence of so many people could interfere with the sale, and he drove Carrasquillo to the new location. He made no attempt to go into the restaurant upon their arrival there, but remained in conversation in the parking lot with Carrasquillo while Carrasquillo awaited the informant's arrival, and he stood by as the cocaine was given to the informant. He was also observed leaning into his car at one point, and subsequently a loaded gun registered to him was found in the console next to the driver's seat with the handle turned up. Finally, when Carrasquillo was arrested, he attempted to leave the scene. These facts are almost identical to those in United States v. Paone, 758 F.2d 774 ______________ _____ (1st Cir. 1985), in which we sustained the defendant's conviction for aiding and abetting a cocaine sale. There we -4- stated that defendant's presence at "several critical steps of the transaction" made it "entirely reasonable for the jury to conclude that his appearances were not coincidental and that he was a participant who sought to bring about the cocaine sale." Id. at 776. See also United States v. Ortiz, ___ ______________________ _____ 966 F.2d 707, 712 (1st Cir. 1992) (suggesting that "a person . . . brought to a neutral site by a drug trafficker preliminary to the actual consummation of a narcotic transaction" is unlikely to be an "innocent bystander", and affirming the conviction of a defendant who had accompanied the principal drug dealer to the prearranged site of a drug sale because there was no evidence that he came involuntarily, the cocaine was in plain view on the car seat next to the defendant, and the defendant listened to the drug dealer's negotiations with an undercover agent and was subsequently found to have been carrying a beeper). Thus, we find that the evidence supports the jury's determination that Cofresi was a willing participant who aided and abetted Carrasquillo in the drug sale. II. Carrying a Firearm __________________ Cofresi argues that his conviction on the aiding and abetting charge precludes his conviction for using or carrying a firearm during and in relation to a drug offense. Cofresi contends that the evidence showed that he was away from his car during the delivery of the cocaine and that his -5- gun was in the car. Because it was not on his person and not within his immediate reach, he claims that he cannot be found to have used or carried the gun during and in relation to the sale of the cocaine. This argument has no merit in light of our cases on this point. In United States v. Castro-Lara, ______________ ___________ 970 F.2d 976 (1st Cir. 1992), a defendant named Obijo claimed that his conviction for using or carrying a firearm during and in relation to any drug crime was erroneous. In that case Obijo's co-defendant Castro had placed a bag of cocaine into Obijo's car, and both men were preparing to drive away together when they were arrested. While searching the trunk of the car, the police found a briefcase owned by Obijo. In the briefcase was an unloaded but operable gun, live ammunition and a large amount of cash. We rejected Obijo's argument that the gun had not been within his immediate reach. We explained that our "concern is not whether the gun was 'instantly available' or 'exclusively dedicated to the narcotics trade,' but whether it was 'available for use' in connection with the narcotics trade." Id. at 983. We ___ concluded that a jury reasonably could have found that the gun was "available for use" during and in relation to a drug trafficking crime because the gun had been found in Obijo's car at the scene of a drug pickup near a large sum of cash and live ammunition. Id. See also United States v. Wight, ___ ___ ____ _____________ _____ 968 F.2d 1393 (1st Cir. 1992) (the court sustained a -6- defendant's conviction for using a firearm during and in relation to a drug trafficking crime where the gun was delivered to a co-defendant to be used, if necessary, during the drug deal; the defendant was arrested while attempting to sell drugs in the van in which the gun was found; the gun was found under some newspapers behind the defendant's seat in a half-open case with the open end toward the place where the defendant had sat). Here, Cofresi remained in the vicinity of the car, at one point was observed to have leaned into the front seat, and had reseated himself in the car by the time the arrests were made. Clearly, the gun, which was located in the car between the driver's seat and the front passenger's seat, was available to him for use in connection with the drug transaction then taking place in the parking lot. III. Severance _________ Finally, Cofresi argues that the district court erred in denying his motion for severance of his trial from Carrasquillo's. In his appellate brief Cofresi contends that the evidence against Carrasquillo was so strong that he became "guilty by association" and was not convicted on the basis of evidence as to his "individual involvement."1 He ____________________ 1. In his Motion for Severance, Cofresi also stated that he intended to take the witness stand to testify that he did not know that Carrasquillo intended to effect a drug sale at the restaurant parking lot. Without describing what Carrasquillo's defense would be, he contended that his -7- also states that the government would have had no evidence to present against him had his trial been severed from Carrasquillo's. We review the district court's denial of this motion for "manifest abuse" of discretion, see United States ___ _____________ v. Boylan, 898 F.2d 230, 246 (1st Cir.), cert. denied, 111 S. ______ _____ ______ Ct. 139 (1990), and find no such abuse here. Cofresi's burden on appeal is to make a "strong showing" that the court's failure to sever his trial prejudiced him, a burden which we have characterized as a "difficult battle for a defendant to win." Id. ___ There were only two defendants in this case and only four counts arising out of a single, uncomplicated drug transaction. Counts one and two alleged use of a communication facility, i.e., the telephone, to commit a drug ____ crime, and were brought against Carrasquillo. We cannot conceive that the jury mistakenly would believe that Cofresi ____________________ defense was antagonistic to Carrasquillo's defense, so that "extreme prejudice" to him would result and the jury would not be able to "compartmentalize the evidence against each defendant." The government's reply noted that, as drafted, Cofresi's motion described a situation prejudicial to Carrasquillo so that Cofresi had no standing to bring the motion. The government also argued that the conflict Cofresi alleged amounted to mere "tattling and finger pointing," and so was not a basis for severance, see United States v. ___ ______________ Arruda, 715 F.2d 671, 679 (1st Cir. 1983), and that Cofresi ______ had made no showing of prejudice. Cofresi did not testify at trial, and his argument on appeal appears to allege only that the jury was unable to sift the evidence against him from that relating to Carrasquillo. Accordingly, we conclude that he has abandoned the other arguments made in his motion. -8- was implicated in that offense. The government introduced tape recordings of the phone calls, neither of which mentioned Cofresi or involved Cofresi in any way. See United ___ ______ States v. Martinez, 479 F.2d 824, 828 (1st Cir. 1973) (The ______ ________ defendant was not prejudiced by a joint trial where there was "no likelihood of confusion between the proof applicable to [his co-defendants] and that applicable to [the defendant.] . . . None of the evidence in the first count pertained to defendant.") The third count applied to both Carrasquillo and Cofresi, and alleged that they had aided and abetted each other in committing a drug crime. With respect to this count, the facts relating to Carrasquillo and Cofresi were inseparably connected. The very nature of the charge against them required a consideration of their joint actions with respect to the central allegation that a drug crime had taken place. Even if Cofresi's trial had been conducted separately, the government would have had to introduce evidence as to Carrasquillo's role in the transaction in order to establish that a drug sale had taken place. (Cofresi seems to believe, mistakenly, that in a separate trial the government would be able to introduce only evidence relating to his own role in the drug sale.) For that reason, trying Cofresi and Carrasquillo jointly did not prejudice Cofresi. Cf. id. at 829 (there was no prejudice in not ___ ___ -9- severing trials where the evidence relating to the principal drug dealer's actions, whom the defendant was alleged to have aided and abetted, would have been presented even if the count relating to the defendant had been tried separately from the counts relating to his co-defendants, who were alleged to have aided and abetted the principal drug dealer on a different occasion); United States v. Martin, 920 F.2d ______________ ______ 345, 349 (6th Cir. 1990) (there was no prejudice in not severing the trials of alleged co-conspirators where the facts relating to the defendants, the conspiracy and the substantive drug charge were "inextricably linked"), cert. _____ denied, 111 S. Ct. 2038 (1991). The fact that most of the ______ evidence presented concerned Carrasquillo does not mean that Cofresi was prejudiced, especially where, as here, the district court specifically instructed the jury to consider the evidence against each defendant separately.2 See United __________ States v. Sabatino, 943 F.2d 94, 96-97 (1st Cir. 1991) (the ______ ________ court rejected the defendant's claim that she had been convicted because of "spillover" from vivid testimony by the ____________________ 2. The court charged the jury as follows: "Now, let's also discuss the defendants. There are two defendants. Although the defendants are being tried together, you must consider the case against each separately. In doing so, you must decide what the evidence shows about each defendant without considering any evidence that may have been received solely against some other defendant or defendants. Each defendant is entitled to have the case against that defendant decided solely on the evidence and the law which applies to that defendant." -10- key witnesses against her co-defendant, in which she was not mentioned at all, because the evidence applied to her as a co-conspirator and because the court had adequately instructed the jury to consider only the evidence against each defendant separately); cf. United States v. Cox, 934 ___ ______________ ___ F.2d 1114, 1119 (10th Cir. 1991) (the court stated that the lengthy testimony about a co-defendant's criminal activities did not warrant reversal where the defendant did not make an "actual showing of prejudice"). Finally, the last count, which alleged the use or carrying of a firearm in connection with a drug crime, applied only to Cofresi. The evidence clearly linked the gun to Cofresi. In any event, any jury confusion as to that issue would have worked to Carrasquillo's, and not Cofresi's, disadvantage. Accordingly, we conclude that the court's denial of Cofresi's motion for a separate trial was not an abuse of discretion. CONCLUSION __________ The decision of the district court is affirmed. ________ -11-