**UNITED STATES of America, Plaintiff,**

v.

**Fernando MONTILLA–RIVERA,
Defendants.**

**Crim. No. 95–085 (DRD).**

United States District Court,
D. Puerto Rico.

Aug. 21, 1995.

Carlos Noriega–Rodriguez, Hato Rey, PR, Edgardo L. Rivera–Rivera, San Juan, PR, for Miguel Calderon.

Benicio Sanchez–Rivera, Federal Public Defender, Old San Juan, PR, for Ramon Zorrilla.

Jose C. Romo–Matienzo, Hato Rey, PR, for Fernando Montilla–Rivera.

Antonio R. Bazan–Gonzalez, U.S. Attorney's Office District of P.R., Criminal Division, Hato Rey, PR, for the U.S.

## OPINION AND ORDER

DOMINGUEZ, District Judge.

Pending resolution is co-defendant Fernando Montilla Rivera's Post–Jury Trial Motion of Acquittal Pursuant to Rule 29 (Docket No. 68) and the Governments' Reply thereto (Docket No. 70).

 In examining a properly preserved Rule 29 Motion after a Jury conviction verdict, the evidence must be examined and all legitimate inferences therefrom "in the light most favorable to the government to determine whether a rational jury could have found guilt beyond a reasonable doubt." *U.S. v. de Jesús–Rios*, 990 F.2d 672, 679 (1st Cir.1993); *U.S. v. Morales–Cartagena*, 987 F.2d 849, 850 (1st Cir.1993); *U.S. v. Echeverri*, 982 F.2d 675, 677 (1st Cir.1993). In performing this determination, the Trial Court must resolve all credibility issues on the side of the verdict. *Burks v. U.S.*, 437 U.S. 1, 16, 98 S.Ct. 2141, 2150, 57 L.Ed.2d 1 (1978); *U.S. v. Nueva*, 979 F.2d 880, 883 (1st Cir. 1992). See also Charles A. Wright, Federal Practice and Procedure, Volume 2, § 467 p. 663–664, wherein the author states that in resolving Rule 29 motions "it is not for the court to asses the credibility of witnesses, weigh the evidence, or draw references of facts from the evidence. These are functions of the jury. The Court must look to all of the evidence, but must take the view of the evidence and the inferences therefrom most favorable to the Government."

Following the standard set forth above, we examine the facts to determine codefendant's "mere presence" or "participating involvement."

 A confidential informant, Eladio Valerio, telephones codefendant Miguel Calderón Salmiento for the purpose of the purchase of various kilos of cocaine. Codefendant Calderón Salmiento advises the informant that they must "go over to the mechanic."[1] The undercover agent and codefendant Calderón Salmiento meet subsequently in a Shell Service Station whereupon the codefendant Calderón Salmiento once again invited the informer to "see the mechanic." The informer and Calderón Salmiento then proceeded to a "mechanic's shop" immediately behind the Metreza Night Club in San Anton Ward. The defendant was at the mechanic's shop and was the only codefendant dressed as a mechanic with grease in his clothes. Once inside the mechanic's shop in a room next to the mechanic's shop the drug deal was discussed amongst codefendant Calderón Salmiento, Fernando Zorrilla and the informer. When the price of the drug was agreed at $12,100.00 per kilogram codefendant Montilla was ten to twelve feet away in the room "inside the place but at the exit." When the codefendants and the informer spoke about the production of four additional kilograms of cocaine after the initial delivery of two kilograms, should the initial quality be acceptable, the defendant was still at the same ten to twelve feet away. Further, with codefendant Montilla also within ten to twelve feet, codefendant Zorrilla using a telephone (overheard by the informer) requested the initial two kilograms of cocaine. While all codefendants were in the room (Calderón Salmiento, Zorrilla, Montilla) waiting for the delivery of the cocaine, Calderón Salmiento said in a louder than usual voice "hell, pure cocaine." Montilla was further present within ten to twelve feet when the cocaine was delivered at the mechanic's shop and was also present when the informant tested the cocaine by a finger contact of a small amount of the drug with his tongue[2]. After code-

---

1. The Rule 29 Motion of Defendant at p. 6 clearly identifies the mechanic as Mr. Montilla.

2. We must infer that defendant was aware and/or overheard all the facts that occurred in the room next to the mechanic's room since he was "in-

fendant Calderón Salmiento went to Carolina Shopping Court with the informer, Eladio Valerio, they once again returned to the Metreza Night Club area. Upon exiting the undercover car at the Metreza area, Salmiento went to the group at the mechanic's shop and advised them that "someone was waiting for them in the car, for them to take the material and give them the money." Agent Carrasquillo testified that eventually all three of the defendants exited together the mechanic's shop. Then "Calderón came with the drug and Zorrilla and Montilla came again to watch." When the drug transaction was to be consummated, Montilla situated himself around thirty (30) feet from the car where the drug transfer was to be made.

The above factually described scenario examined in the light most favorable to the government in order to ascertain whether a rational jury could have found guilt, leads the Court to conclude that the Rule 29 Motion must be DENIED.

Considering the participation of codefendant Montilla "as a whole" and not in "isolation," *U.S. v. Victoria–Peguero*, 920 F.2d 77 (1st Cir.1990); *U.S. v. Mariani*, 725 F.2d 862, 864 (2nd Cir.1984), the jury was authorized to make the inference of the case of *U.S. v. Batista Polanco*, 927 F.2d 14, 18 (1st Cir.1991) wherein the court stated that "it runs counter to human experience to suppose that criminal conspirators would welcome innocent non-participants as witnesses to their crimes." Further as in the case of *U.S. v. Viceconte Paone*, 758 F.2d 774 (1st Cir.1985) "appellant was present not only at one encounter between González Rivas and undercover agents but at several critical steps of the transaction. In light of appellant's repeated presence at important functions of this drug deal, it was entirely reasonable for the jury to conclude that his appearances were not coincidental and that he was a participant who sought to bring about the cocaine sale."

■ There is no doubt that codefendant Montilla presented evidence attempting to exonerate him extolling the "mere presence" defense. Mr. Angel M. Morla testified that codefendant Montilla never left the mechanic area to the area of "apartment" next to the mechanic's area where Zorrilla and Calderón Salmiento entered with the informer to agree upon the drug deal. The testimony was in direct conflict with testimony of the informer, Mr. Valerio. This conflict is to be solved by the jury and not by the judge. *Burks v. U.S.*, 437 U.S. 1, 16, 98 S.Ct. 2141, 2150, 57 L.Ed.2d 1 (1978).[3] Similarly, Mr. Morla testified that when the drug transaction was to take place later that day, the defendant left alone the mechanic area not to carry on the drug transaction but because of a requested cigarette break. The jury also rejected this part of Mr. Morla's testimony when it accepted the government agents' testimony that all codefendants left together the mechanic area toward the car wherein the transfer of the drug for money was latter to take place.[4]

A reasonable jury could therefore find that codefendant Fernando Montilla Rivera's conduct was that of "participating involvement" in the criminal venture and not that of "mere presence" in the locality of the criminal activity.

**The Rule 29 Motions is, therefore, DENIED.**

**IT IS SO ORDERED.**

---

side" within ten to twelve feet. *U.S. v. Morales Cartagena, supra*, at 850.

**3.** "Even the trial court, which has heard the testimony of witnesses first hand, is not to weight the evidence or asses the credibility of witnesses when it judges the merits of a motion for acquittal." *Burks v. U.S.* at 16, 98 S.Ct. at 2150.

**4.** "Conflicting testimony does not lead by itself to an acquittal". *U.S. v. Palmere*, 578 F.2d 105 (5th Cir.1978).