**UNITED STATES of America, Appellee,**

v.

**Dudley D. MORGAN, Jr., Defendant-Appellant.**

**No. 801, Docket 76–1497.**

United States Court of Appeals, Second Circuit.

Argued Feb. 25, 1977.

Decided April 18, 1977.

James C. Lang, Tulsa, Okl. (Sneed, Lang, Trotter & Adams, Tulsa, Okl., of counsel), for defendant-appellant.

Alan M. Goldston, Special Atty., U. S. Dept. of Justice, New York City (Robert B. Fiske, Jr., U. S. Atty., S. D. N. Y., Audrey Strauss, Asst. U. S. Atty., New York City, of counsel), for appellee.

Before MANSFIELD and VAN GRAAF-EILAND, Circuit Judges, and MISHLER, District Judge.*

VAN GRAAFEILAND, Circuit Judge:

After a jury trial in the United States District Court for the Southern District of New York, appellant was convicted on eleven counts of mail fraud, 18 U.S.C. § 1341, and on two counts of engaging in fraudulent, deceptive and manipulative securities transactions, 15 U.S.C. §§ 77q(a) and 78j(b). We affirm.

Appellant was the managing partner of a brokerage firm in Tulsa, Oklahoma, and the corporation whose stock he was charged with mishandling was Display Sciences, Inc. Display was incorporated in New York in 1968 and went public in 1970. It was engaged in the design and manufacture of large-screen television projection equipment but found this to be financially unrewarding and was forced into receivership in 1971. The Government's proof established that appellant, who had invested heavily in the corporation, sold a quantity of the company's stock which was unregistered without disclosing the lack of registration and without disclosing the fact that the company was in receivership. In addition, misstatements were made concerning the number of shares outstanding and the status of negotiations between Display and the State of Connecticut for a contract covering off-track betting installations.

Appellant's defense, based on asserted lack of knowledge and good faith, was rejected by the jury; and appellant does not seriously contend that the facts were insufficient to warrant this determination. His appeal is based instead upon several evidentiary rulings which he contends were prejudicially erroneous.

The first of these arises out of a telephone conversation between the defendant and Frank Dell'Aglio, the founder of Display Sciences, Inc. and Chairman of its Board, who was called as a government witness. Dell'Aglio testified that, during a telephone conversation with defendant concerning Display's deteriorating financial condition, defendant was very angry. When admonished by the court to state what defendant had said, rather than advancing his own opinion or conclusion concerning defendant's state of mind, the witness quoted defendant as having said:

[Y]ou know you have a Mafia up there, we have an Oklahoma Mafia here.

■ Appellant contends that the court's refusal to strike this testimony was reversible error. We disagree. The subject was not pursued, and it is far from clear what an "Oklahoma Mafia" is. Moreover, no attempt was made to establish any connection between the defendant and this organization, if such it was. In fact, on summation, the prosecutor described defendant's remark as merely another example of his "puffing and misstatements". We find no ground for reversal here. See United States v. Schwartz, 548 F.2d 427, 431–32 (2d Cir. 1977); United States v. Polizzi, 500 F.2d 856, 888 n.54 (9th Cir. 1974), cert. denied, 419 U.S. 1120, 95 S.Ct. 802, 42 L.Ed.2d 820 (1975).

The second ruling complained of occurred during the Government's cross-examination of one of defendant's character witnesses. After this witness had testified concerning appellant's reputation for honesty, integrity and truthfulness and had stated his own favorable opinion as to these character traits, he was asked if his opinion would change if appellant knew that Display was in receivership and didn't disclose that fact to his customers. Appellant contends that this question was prejudicially improper, because it was not confined to the time period prior to the incidents for which he was being tried and because it forced the witness and invited the jury to assume that he was guilty.

■ Appellant's "time period" argument can be quickly disposed of. When a witness, as here, testifies concerning the defendant's then existing traits of honesty and veracity, cross-examination may include acts up to the time the witness testi-

---

* Chief Judge, Eastern District of New York, sitting by designation.

fies. *United States v. Kelner*, 534 F.2d 1020, 1028 (2d Cir.), *cert. denied* 429 U.S. 1022, 97 S.Ct. 639, 50 L.Ed.2d 623 (1976); *United States v. Lewis*, 157 U.S.App.D.C. 43, 482 F.2d 632, 640 n.44 (1973).

■ Appellant's able counsel has cited a number of cases from state courts which hold that hypothetical questions of the general nature of the one asked by the Government herein are prejudicially improper. However, in each of these, the subject under discussion was the reputation of the defendant in the community.[1] Here, the matter being pursued was the opinion of the witness concerning the defendant's character. When a witness is permitted to state his own opinion on a matter in issue, as he is now under Rule 405 of the Federal Rules of Evidence, some latitude in cross-examination must be allowed.[2] Opinion testimony of expert witnesses has traditionally been given in response to hypothetical questions based upon the evidence in the case, *United States v. White*, 124 F.2d 181, 185–86 (2d Cir. 1941), and this form of questioning may properly be used on cross-examination as well as direct. *Stahl v. United States*, 144 F.2d 909, 913 (8th Cir. 1944).

The argument has long since been laid to rest that, where an expert expresses an opinion on an assumed state of facts, he is usurping the province of the jury. *Guzik v. United States*, 54 F.2d 618, 619–20 (7th Cir. 1931), *cert. denied*, 285 U.S. 545, 52 S.Ct. 395, 76 L.Ed. 937 (1932); *Tinkoff v. United States*, 86 F.2d 868, 879–80 (7th Cir. 1936), *cert. denied*, 301 U.S. 689, 57 S.Ct. 795, 81 L.Ed. 1346 (1937); *Myres v. United States*, 174 F.2d 329, 336 (8th Cir.), *cert. denied*, 338 U.S. 849, 70 S.Ct. 91, 94 L.Ed. 520 (1949); Fed.Rules Evid. Rule 704. Wigmore calls this argument a "bugbear", and a "mere bit of empty rhetoric" which "has done much to befog bench and bar." Wigmore on Evidence §§ 673, 1920 (1940). As pointed out by the court in *Guzik, supra*, the jury still has to determine the controverted issue of whether the assumption which the witness has made is correct. Time and again, experts are asked hypothetical questions which assume the very facts upon which the defendant's guilt is predicated. If the question is based upon the evidence, it may be permitted in the exercise of the trial judge's discretion. *Heller v. United States*, 104 F.2d 446, 449 (4th Cir. 1939). Indeed, in technical cases such as those involving tax fraud, it is difficult to visualize how the Government could prove its case in any other manner. *See United States v. Caserta*, 199 F.2d 905, 908 (3d Cir. 1952). "So long as proper guidance by a trial court leaves the jury free to exercise its untrammeled judgment upon the worth and weight of testimony, and nothing is done to impair its freedom to bring in its verdict and not someone else's we ought not to be too finicky or fearful in allowing some discretion to trial judges in the conduct of a trial and in the appropriate submission of evidence within the general framework of familiar exclusionary rules." *United States v. Johnson*, 319 U.S. 503, 519–20, 63 S.Ct. 1233, 1241, 87 L.Ed. 1546 (1943).

We conclude, therefore, that the asking of the hypothetical question at issue herein, based as it was upon testimony already offered, was not prejudiciously improper so as to mandate reversal. It introduced nothing into the case which was not already before the jury. In rulings on character evidence, the District Court has wide discretion and will be reversed only upon a clear

---

1. Prior to the enactment of the Federal Rules of Evidence, a so-called "character witness" was not permitted to give his own opinion of the defendant's character but was limited to testimony concerning his reputation. *Michelson v. United States*, 335 U.S. 469, 477, 69 S.Ct. 213, 93 L.Ed. 168 (1948). Rule 405 of the Federal Rules provides in part that in all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony in the form of an opinion. Counsel cannot, therefore, always rely upon decisions applying the "archaic" and "paradoxical" law, *Michelson, supra*, at 486, 69 S.Ct. 213, which preceded the Rules.

2. *United States v. Candelaria-Gonzalez*, 547 F.2d 291 (5th Cir. 1977) is not to the contrary because it deals with a witness who testified concerning defendant's reputation in the community.

showing of prejudicial abuse. *United States v. Dibrizzi*, 393 F.2d 642, 645 (2d Cir. 1968). We find no such showing in this case. *Cf. United States v. Null*, 415 F.2d 1178, 1179–80 (4th Cir. 1969).

It does not follow from this holding that we approve of the question which was asked. Because it is too early in the history of Rule 405 to predict how much use ingenious counsel will make of opinion testimony from witnesses who may qualify as experts on traits of character, we are reluctant to prescribe an evidentiary rule which will inhibit full cross-examination of any such expert. Insofar as non-expert character witnesses are concerned, however, we believe that the probative value of a hypothetical question such as the one at issue herein is negligible and that it should not be asked. The jury is in as good a position as the non-expert witness to draw proper inferences concerning the defendant's character from its own resolution of the issues. *Cf.* Wigmore, *supra*, at § 679.

Finally, appellant contends that the District Court erred in refusing to admit testimony concerning possible representations made to other witnesses by officers of Display Sciences, Inc. Relevancy of proffered evidence is a matter largely within the discretion of the trial court, *Hamling v. United States*, 418 U.S. 87, 124–25, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974); *United States v. Corr*, 543 F.2d 1042, 1051 (2d Cir. 1976). There was no abuse of the court's discretion in this case. *See Muschany v. United States*, 324 U.S. 49, 58, 65 S.Ct. 442, 89 L.Ed. 744 (1945).

The judgment appealed from is affirmed.

MANSFIELD, Circuit Judge (concurring).

I concur in Judge Van Graafeiland's well-reasoned opinion. In addition, I believe that the questions put by the prosecutor to the character witnesses were improper because they asked the jury to assume the defendant to be guilty of the very charge on trial, i.e., that he sold stock to his customers without disclosing that the company was in receivership. Since character evidence is admitted only as bearing upon guilt or innocence, an opinion based upon the assumption that the defendant is guilty cannot have any probative value in deciding that issue. However, in the absence of any showing of prejudice, the error was harmless in the present case.