**UNITED STATES of America,**

v.

**Michael P. OSHATZ and Leonard A. Messinger, Defendants.**

**No. 87 Cr. 1000 (RWS).**

United States District Court,
S.D. New York.

Jan. 26, 1989.

---

**512**

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City (Robert Cleary, Christine Gray, Asst. U.S. Attys. of counsel), for U.S.

Slotnick & Baker, New York City (Barry Ivan Slotnick, Carl M. Bornstein, of counsel), for Defendant Michael P. Oshatz.

Fischetti Pomerantz & Russo, New York City (Ronald P. Fischetti, Ronald Russo, of counsel), for Defendant Leonard A. Messinger.

## OPINION

SWEET, District Judge.

■ At issue is the propriety under Fed. R.Evid. 405(a) of a question posed during the cross-examination of a fact witness who had testified as to defendant's honesty. The question asked the witness to assume certain facts in contention and to indicate whether such facts would alter her opinion.

Defendants Michael P. Oshatz ("Oshatz") and Leonard A. Messinger ("Messinger"), both lawyers in the same firm, have been charged with tax fraud for allegedly generating false tax losses through various partnerships that traded fraudulently in government securities and commodities. The trial began on November 22, 1988 and is ongoing.

In the course of cross-examining Gail Logan ("Logan"), a secretary with the defendants' law firm, defense counsel adopted Logan as a defense witness and elicited her opinion that Oshatz was truthful and honest. On redirect—effectively, cross-examination—the government asked Logan whether her opinion would change if the government showed that Oshatz knew "that the ... transactions were backdated" and "that the losses were phony," and that "Oshatz was simply giving losses away the way people would give loaves of bread away." Defense counsel objected to the Government's questions, but the objection was overruled. The witness stated her opinion would change if the showing were made.

The government's case is drawing to a close, and the defense has moved for reconsideration of the ruling in light of the anticipated testimony of certain of its witnesses.

Rule 405(a) provides as follows:

**(a) Reputation or opinion.** In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into relevant specific instances of misconduct.

The question presented is whether the "specific instances of misconduct" about which the government properly may cross-examine a character witness include the unlawful conduct at issue in the trial.

*Prior Decisions*

The courts that have addressed this question have reached conflicting results. *Compare United States v. Morgan*, 554 F.2d 31 (2d Cir.) (permitting cross-examination of expert character witness regarding bad acts at issue in trial, but noting in dicta that such questions would be improper if asked of nonexpert character witnesses), *cert. denied*, 434 U.S. 965, 98 S.Ct. 504, 54 L.Ed.2d 450 (1977); *Lopez v. Smith*, 515 F.Supp. 753, 756 (S.D.N.Y.1981) (Weinfeld, J.) (permitting cross-examination of character witness regarding bad acts at issue in trial) (citing *United States v. Morgan*, 554 F.2d at 33; *United States v. Senak*, 527 F.2d 129, 145–46 (7th Cir.1975) (permitting, in the particular context of the facts presented, a question regarding charges at issue in the case), *cert. denied*, 425 U.S. 907, 96 S.Ct. 1500, 47 L.Ed.2d 758 (1976), *with United States v. Page*, 808 F.2d 723 (10th Cir.) (disapproving of question regarding bad acts at issue in trial, but upholding conviction), *cert. denied*, 482 U.S. 918, 107 S.Ct. 3195, 96 L.Ed.2d 683 (1987); *United States v. McGuire*, 744 F.2d 1197 (6th Cir.1984) (disapproving of question regarding bad acts at issue in trial) (dicta), *cert. denied*, 471 U.S. 1004, 105 S.Ct. 1866, 85 L.Ed.2d 159 (1985); *United States v. Williams*, 738 F.2d 172 (7th Cir.) (disapproving of question regarding bad acts at issue in trial, but upholding conviction); *United States v. James*, 728 F.2d 465 (10th Cir.1984) (disapproving of question regarding bad acts at issue in trial, but upholding conviction), *cert. denied*, 469 U.S. 826, 105 S.Ct. 106, 83 L.Ed.2d 50 (1984); *United States v. Primrose*, 718 F.2d 1484 (10th Cir.1983) (disapproving of question regarding bad acts at issue in trial, but upholding conviction), *cert. denied*, 466 U.S. 974, 104 S.Ct. 2352, 80 L.Ed.2d 825 (1984); *United States v. Polsinelli*, 649 F.2d 793 (10th Cir.1981) (overturning conviction because government questioned defendant's character witness about bad acts at issue in trial); *United States v. Palmere*, 578 F.2d 105 (5th Cir.1978), *cert. denied*, 439 U.S. 1118, 99 S.Ct. 1026, 59 L.Ed.2d 77 (1978); *United States v. Candelaria–Gonzalez*, 547 F.2d 291 (5th Cir.1977) (overturning conviction because government repeatedly questioned defendant's character witnesses about bad acts at issue in trial).

The Second Circuit has confronted this issue in *United States v. Morgan*, 554 F.2d 31 (2d Cir.), *cert. denied*, 434 U.S. 965, 98 S.Ct. 504, 54 L.Ed.2d 450 (1977), in which a brokerage firm's managing partner was charged with securities fraud arising out of selling unregistered stock in a company in receivership. The defendant called a character witness who stated his favorable opinion regarding the defendant's honesty, integrity, and truthfulness. On cross-examination, the government asked the witness if his opinion would change if the defendant knew the company was in receivership, but failed to disclose that fact to his customers. The defendant was convicted, and on appeal he challenged the government's right to ask the character witness such a hypothetical question.

> The court upheld the conviction, noting: Here, the matter being pursued was the opinion of the witness concerning the defendant's character. When a witness is permitted to state his own opinion on a matter in issue, as he is now under Rule 405 of the Federal Rules of Evidence, some latitude in cross-examination must be allowed. Opinion testimony of expert witnesses has traditionally been given in response to hypothetical questions based upon the evidence in the case, ... and this form of questioning may properly be used on cross-examination as well as direct.

*Id.* at 33 (citations omitted). In dicta, however, the Court added:

> It does not follow from this holding that we approve of the question which was asked. Because it is too early in the history of Rule 405 to predict how much use ingenious counsel will make of opinion testimony from witnesses who may qualify as experts on traits of character, we are reluctant to prescribe an evidentiary rule which will inhibit full cross-examination of any such expert. Insofar as non-expert character witnesses are concerned, however, we believe that the probative value of a hypothetical ques-

tion such as the one at issue herein is negligible and that it should not be asked. The jury is in as good a position as the non-expert witness to draw proper inferences concerning the defendant's character from its own resolution of the issues.

The disallowance of the cross-examination of character witnesses regarding the crime for which the defendant is on trial has been based on concern that such questions destroy the presumption of innocence by requiring the witness to assume that the defendant committed the acts at issue in the trial. *See, e.g., United States v. Candelaria–Gonzalez,* 547 F.2d 291 (5th Cir.1977) ("The agent's testimony was raised to the status of accepted fact, and the presumption of innocence was destroyed in the process.") *United States v. Polsinelli,* 649 F.2d 793 (10th Cir.1981) (the questions "were so framed as to assume that [the defendant] was, in fact, guilty of the offenses for which he was then on trial").

■ However, Rule 405(a) permits cross-examination of character witnesses regarding specific instances of misconduct by the defendant for the purpose of evaluating the character witness's credibility, not for proving the defendant's guilt. *See United States v. Birney,* 686 F.2d 102, 108 (2d Cir.1982); *United States v. Bermudez,* 526 F.2d 89, 95 (2d Cir.1975), *cert. denied,* 425 U.S. 970, 96 S.Ct. 2166, 48 L.Ed.2d 793 (1976); 2 J. Weinstein and M. Berger, *Weinstein's Evidence* ¶ 405[04], at 405–47 (1986). By interrogating a character witness about specific instances of the defendant's misconduct, a questioner can test the witness's knowledge of the defendant and standards for a good reputation or a favorable opinion. *See id.* ¶ 405[02], at 405–23.

■ The question's only purpose is to help the jury determine how much weight to accord the witness's testimony, and the court should instruct the jury accordingly. *See, e.g., United States v. Birney,* 686 F.2d 102, 108 (2d Cir.1982); *see also* 2 J. Weinstein and M. Berger, *Weinstein's Evidence* ¶ 405[02], at 405–23 n. 22 (1986). Moreover, by questioning the character witness

about the events at issue in the trial, the government presents nothing new to the jury—and the jury remains free to draw its own conclusions from the evidence. *See United States v. Morgan,* 554 F.2d 31, 33 (2d Cir.) (noting that a question based on testimony already offered "introduced nothing into the case which was not already before the jury"), *cert. denied,* 434 U.S. 965, 98 S.Ct. 504, 54 L.Ed.2d 450 (1977). Under these circumstances, the cross-examination does not impair the presumption of innocence.

The Second Circuit in *Morgan, supra,* dealt with cross-examination regarding matters at issue in the trial with respect to expert character witnesses. Its distinction between expert and nonexpert character witnesses—which appears nowhere in the test of Rule 405(a)—reflects a belief that cross-examination concerning the conduct for which the defendant is on trial involves "hypothetical" questions.

However, the fact that a defendant has yet to be convicted for an unlawful act does not make a question regarding that act "hypothetical." The government can question a character witness about a specific instance of misconduct, provided it believes in good faith that the alleged bad act has a basis in fact and the question is relevant to the character traits at issue. *See Michelson v. United States,* 335 U.S. 469, 481 n. 18, 69 S.Ct. 213, 221 n. 18, 93 L.Ed. 168 (1948); *United States v. Giddins,* 273 F.2d 843, 845 (2d Cir.), *cert. denied,* 362 U.S. 971, 80 S.Ct. 955, 4 L.Ed.2d 900 (1960); *United States v. Nixon,* 777 F.2d 958, 970 (5th Cir.1985). "That does not mean that the basis in fact must be proved as a fact before a good faith inquiry can be made." *Nixon,* 777 F.2d at 970.

■ For example, the government can question a character witness about the defendant's misconduct, even if that misconduct never results in arrest. *See, e.g., United States v. Birney,* 686 F.2d 102, 108 (2d Cir.1982) (permitting questions regarding defendant's loan applications in which she failed to disclose certain liabilities); *United States v. Bynum,* 566 F.2d 914, 919 (5th Cir.) (permitting questions regarding

defendant's alleged theft of an airplane and his alleged planned theft of a trailerload of hams), *cert. denied,* 439 U.S. 840, 99 S.Ct. 130, 58 L.Ed.2d 138 (1978). Similarly, the government can ask a character witness about an arrest, even if there was no conviction or the conviction later was overturned on appeal. *See, e.g., United States v. Bermudez,* 526 F.2d 89, 95 (2d Cir.1975) (permitting question regarding defendant's 1974 arrest on a marijuana charge), *cert. denied,* 425 U.S. 970, 96 S.Ct. 2166, 48 L.Ed.2d 793 (1976); *United States v. Evans,* 542 F.2d 805, 817 (10th Cir.1976) (permitting question regarding prior arrests and noting that the disposition of those arrests was irrelevant to the examination of a character witness), *cert. denied,* 429 U.S. 1101, 97 S.Ct. 1124, 51 L.Ed.2d 550 (1977); *United States v. Dawson,* 556 F.Supp. 418, 425 (E.D.Pa.1982) (permitting question regarding a murder conviction that had been reversed on appeal), *affirmed sub nom.* 727 F.2d 1099 (3d Cir. 1984). These instances of misconduct which never resulted in a conviction are not "hypothetical," and the defendant's current trial does not render a question about the misconduct at issue "hypothetical."

*The Question is Appropriate*

Rule 405(a) authorizes cross-examination regarding specific instances of misconduct by the defendant to help the jury assess the character witness's credibility and determine the weight to give the witness's testimony. For this purpose, there is no reason to distinguish between wrongdoing that never resulted in arrest or conviction and wrongdoing that currently is at issue in the trial. Both types of questions enable the jury to appraise the character witness's knowledge of the defendant and his or her standards for a good reputation or favorable opinion and both should be allowed.

Indeed, questioning a character witness about the misconduct at issue in the trial may be preferable. When the government's cross-examination introduces facts relating to other instances of misconduct by the defendant, there is a risk that the jury will infer from those facts a propensity to commit the crime at issue in the trial.

Questions about facts already before the jury present no such risk.

*Conclusion*

For the reasons set forth above, the government's cross-examination of Logan was proper, and the government may question the defendants' other character witnesses regarding the misconduct at issue in the trial, provided the government believes in good faith that the misconduct has a basis in fact and the questions are relevant to the character traits at issue.

It is so ordered.