UNITED STATES Of America, Plaintiff—Appellee,

v.

Lorina LATYSHEVA, aka Lorina Kaplun, Defendant—Appellant.

United States of America, Plaintiff—Appellee,

v.

Serge Mezheritsky, Defendant—Appellant.

United States of America, Plaintiff—Appellee,

v.

Tetyana Mifodievna Komisaruk, Defendant—Appellant.

United States of America, Plaintiff—Appellee,

v.

Valeriy Komisaruk, Defendant—Appellant.

United States of America, Plaintiff—Appellee,

v.

Oleksandr Latyshev, Defendant—Appellant.

Nos. 03–50004, 03–50117, 03–50336, 03–50271, 03–50007.

D.C. Nos. CR–01–00434–RMT–5, CR–01–00434–RMT–01, CR–01–00434–RMT–2, CR–01–00434–RMT–3, CR–01–00434–RMT–06.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2005.*

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously found appellant Lorina Latysheva's case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Decided Jan. 10, 2006.

Daniel A. Saunders, USLA—Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Serge Mezheritsky, Big Spring, TX, pro se.

Terry J. Amdur, Terry Amdur Law Offices, Pasadena, CA, Jay L. Lichtman, Phillip A. Trevino, Law Offices of Phillip A. Trevino Los Angeles, CA, James M. Crawford, Orange, CA, for Defendant–Appellant.

Before BEEZER, HALL, and WARDLAW, Circuit Judges.

MEMORANDUM**

Tetyana Komisaruk ("Tetyana"), Valeriy Komisaruk ("Valeriy"), Lorina Latysheva

** This disposition is not appropriate for publi-     cation and may not be cited to or by the

("Lorina"), Oleksander Latyshev ("Oleksander"), and Serge Mezheritsky ("Serge") appeal on numerous grounds their convictions on various counts of alien smuggling, smuggling for the purpose of prostitution, and money laundering. We affirm.[1]

## I. Motion to Suppress Wiretap Evidence

■ The district court did not err by denying Appellants' motion to suppress wiretap evidence or by failing to grant a *Franks* hearing. Appellants failed to make the threshold showing for a *Franks* hearing: they proffered no evidence that the government acted intentionally or recklessly, and the minor omissions in the government's supporting affidavit did not affect the district court's finding of necessity. *United States v. Shryock*, 342 F.3d 948, 977 (9th Cir.2003).

■ The government's affidavit also satisfied the necessity requirement of 18 U.S.C. § 2518(1)(c). Though not flawless, the affidavit explained, with sufficient reference to specific facts, how traditional investigative techniques had failed and why they would not succeed going forward. *United States v. Canales Gomez*, 358 F.3d 1221, 1224–25 (9th Cir.2004); *United States v. Fernandez*, 388 F.3d 1199, 1237 (9th Cir.2004). The district court did not abuse its discretion in finding that a wiretap was necessary.

## II. Continuances and Severance

■ The district court did not abuse its discretion under the Speedy Trial Act, 18 U.S.C. § 3161, by twice continuing the trial against Oleksander's will and denying both of his requests for severance. The continuances were ordered for specific pe-

riods of time and were justified on the record with reference to the factors enumerated in section 3161(h)(8)(B). *United States v. Pollock*, 726 F.2d 1456, 1461 (9th Cir.1984). Moreover, Oleksander failed to assert any prejudice "in terms of the outcome of the trial." *Martel v. County of Los Angeles*, 56 F.3d 993, 995 (9th Cir. 1995). There were legitimate and significant reasons for trying the Appellants jointly, and Oleksander did not show that a joint trial would be so manifestly prejudicial as to require the court to sever. *See United States v. Johnson*, 297 F.3d 845, 855 (9th Cir.2002).

## III. Evidentiary Claims

■ The admission of testimony by Igor Ivanov describing the similar statements made by captured aliens did not violate Appellants' Confrontation Clause rights.[2] The statements were not hearsay: they were admitted not for the truth but rather for the fact that each alien utilized the same false story. Fed.R.Evid. 801(c); *United States v. Beckman*, 298 F.3d 788, 795 (9th Cir.2002). Because the Confrontation Clause does not bar the use of non-hearsay statements, *see Crawford v. Washington*, 541 U.S. 36, 59 n. 9, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), there was no error in admitting the testimony.

■ The testimony by Detective McCartin, relaying inculpatory statements made by Serge, was properly admitted. The statement was not hearsay because it was a party admission. Fed.R.Evid. 801(d)(2). Therefore, admission of the statement did not implicate the Confrontation Clause. Moreover, the district court

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Appellants Tetyana, Valeriy, and Serge joined all applicable arguments of their co-defendants; Lorina and Oleksander did not. This memorandum disposition explicitly men-

tions those holdings that apply to Lorina or Oleksander.

2. Oleksander joined in appealing the admission of testimony by Ivanov and McCartin.

carefully complied with the Supreme Court's limitations on the use of co-defendant admissions in joint trials. *Gray v. Maryland*, 523 U.S. 185, 189–95, 118 S.Ct. 1151, 140 L.Ed.2d 294 (1998).

■ Tetyana, Valeriy, and Serge also challenge the district court's admission of testimony by a money laundering expert, Agent Mark Tyson, and the prosecutor's use of hypotheticals during direct examination of Agent Tyson. We review a district court's decision to admit expert testimony for an abuse of discretion. *United States v. Hankey*, 203 F.3d 1160, 1167 (9th Cir. 2000). We have previously rejected Appellants' argument that the district court must employ the particular factors identified in *Daubert v. Merrell Dow Pharmaceuticals. Id.* at 1168–69. There was sufficient evidence in the record to justify the district court's conclusion that Tyson's opinions were based in facts, grounded in reliable principles, and applied reliably to the facts of the case. Fed.R.Evid. 702.

■ Nor did the district court abuse its discretion by allowing expert testimony in response to hypothetical questions. The first two hypotheticals—involving the Rocky Point bill of sale and the lack of evidence of legitimate income—assumed facts that were sufficiently placed into evidence. *See Taylor v. Burlington N. R.R. Co.*, 787 F.2d 1309, 1317–18 (9th Cir.1986). The third hypothetical—in which the government asked Agent Tyson to evaluate whether his conclusion that money laundering had occurred would change in the absence of all the evidence that had been presented to that point—was not an inappropriate guilt-assuming hypothetical. First, it assumed the *innocence*, not the guilt, of the Appellants; and second, it was not used in cross-examination of a character witness. *See United States v. Shwayder*, 312 F.3d 1109, 1120–21 (9th Cir.2002); *see also United States v. Morgan*, 554 F.2d 31, 33 (2d Cir.1977).

The district court did not abuse its discretion by admitting the "asylum mill" evidence against Tetyana. Tetyana's attempt to establish, through cross-examination of government witnesses, that she was acting out of humanitarian kindness "opened the door" to rebuttal evidence demonstrating that her true purpose was financial gain. *United States v. Beltran–Rios*, 878 F.2d 1208, 1211–13 (9th Cir.1989). Nor did the admission of this evidence create a reversible "variance," because the government's proof at trial did not materially differ from the facts alleged in the indictment. *United States v. Adamson*, 291 F.3d 606, 614–16 (9th Cir.2002). The parties debated extensively the probative and prejudicial value of this evidence, and we will not disturb the district court's discretion in admitting it.

■ Oleksander also objected to the admission of testimony by Vladimir Shagov describing an uncharged alien smuggling incident. The district court did not err in analyzing the evidence outside of Federal Rule of Evidence 404(b), because the Shagov testimony was "inextricably intertwined" with the overall alien-smuggling conspiracy and the specific crimes with which he was charged. *See United States v. Montgomery*, 384 F.3d 1050, 1061–62 (9th Cir.2004).

■ Finally, the district court did not abuse its discretion in concluding that documents from the IRS indicating that Tetyana, Valeriy, and Serge had not paid federal income taxes during certain years of the conspiracy were more probative than prejudicial. Fed.R.Evid. 403. The certificates of non-payment of taxes were probative because they provided circumstantial support for the knowledge element of the money laundering offense, *see* 18 U.S.C. § 1956(a)(1)(B)(i), and for the testimony of the money laundering expert. The prejudicial effect was minimal, because the jury

had already been exposed to wiretap conversations in which the parties discussed their past and ongoing tax evasion.

## IV. *Prosecutorial Misconduct*

■ Appellants, including Oleksander, allege that the prosecution committed misconduct warranting reversal by negligently allowing witness Alyona Krivolapchuk to mention that Lyuda Petushenko "was killed," in contravention of a prior agreement between the government and the parties. To the extent that the jury even understood the witness's statement to implicate the defendants, this error did not "materially affect[ ] the fairness of the trial." *United States v. Sayakhom*, 186 F.3d 928, 943 (9th Cir.1999).

■ Tetyana also challenges as misconduct the government's questioning of INS Special Agent Hiram Prado, during which Prado stated that Oleksander admitted that he "sometimes assisted Tetyana Komisaruk." Even if this was prosecutorial misconduct and constituted *Bruton* error, the error was harmless because Prado's statement was "merely cumulative" of admitted wiretap communications linking Oleksander with Tetyana. *United States v. Gillam*, 167 F.3d 1273, 1277 (9th Cir. 1999).

■ Lastly, Tetyana argues that the prosecutor's improper "consciousness of guilt" argument during his closing statement warrants reversal. The prosecutor's error was sufficiently cured by his statement to the jury, three days later and prior to deliberations, that his argument had been inappropriate and that the jury should ignore Tetyana's courtroom demeanor. Moreover, any error was harmless, given the overwhelming evidence of Tetyana's guilt on the relevant counts.

None of these individual instances of misconduct, nor the combination of all three instances, rendered the trial unfair.

## V. *Jury Instructions*

We review de novo challenges that a jury instruction misstated elements of a crime. *United States v. Phillips*, 367 F.3d 846, 854 (9th Cir.2004).

■ The trial court's instruction on Count 51 was erroneous under our precedent because it wrongly indicated that the jury could convict Appellants of violating 18 U.S.C. § 1957, so long as the monetary transaction arose from an account that commingled criminal and non-criminal funds. *See United States v. Rutgard*, 116 F.3d 1270, 1291–92 (9th Cir.1997). Though we treat the Appellants' failure to object as a mere forfeiture of rights and not as a complete waiver, *United States v. Burt*, 143 F.3d 1215, 1217 (9th Cir.1998), the instructional error does not rise to the level of plain error. There was no evidence suggesting that any of the funds in the Komisaruks' accounts were from legitimate sources—indeed, overwhelming evidence of illegal activity suggested that all of the funds in the account were the proceeds of such activity. Any reasonable jury would have found that the Komisaruks "operated a wholly fraudulent enterprise during the period charged in the indictment." *United States v. Hanley*, 190 F.3d 1017, 1026 (9th Cir.1999), *superseded in part by* U.S.S.G. § 2S1.1 (2001). Because the error did not "seriously affect[ ] the fairness, integrity or public reputation of the judicial proceedings," *Burt*, 143 F.3d at 1219 (quoting *United States v. Olano*, 507 U.S. 725, 736, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)), we decline to reverse.

■ Appellants, including Lorina and Oleksander, argue that the district court's general instruction on "knowledge" allowed the jury to convict them of violating 8 U.S.C. § 1324(a)(2)(B)(ii) without finding the requisite specific intent to violate the immigration laws. *See United States v. Barajas–Montiel*, 185 F.3d 947, 953 (9th

Cir.1999). However, knowledge and intent are separate elements of the crime of alien smuggling, *id.* at 953 & n. 7, and the given instruction clearly indicated that the jury must find both. Unlike *United States v. Stein,* 37 F.3d 1407 (9th Cir.1994), *disapproved on other grounds by Roy v. Gomez,* 81 F.3d 863, 866 & n. 3 (9th Cir.1996) (en banc), which Appellants cite, the general "knowledge" instruction was consistent with the level of knowledge required by the relevant statute and thus created no conflict. *Id.* at 1410; *see also United States v. Gravenmeir,* 121 F.3d 526, 529–30 (9th Cir.1997).

■ Nor do we conclude that the general "knowledge" instruction conflicted with the instructions the court gave on intent to harbor or transport illegal aliens. The crime of transporting aliens, 8 U.S.C. § 1324(a)(1)(A)(ii), is a general intent crime and does not require intent to violate the immigration laws. *United States v. Ramirez–Martinez,* 273 F.3d 903, 914 (9th Cir.2001). Therefore, the general instruction could not create a conflict. While harboring of illegal aliens, 8 U.S.C. § 1324(a)(1)(A)(iii), is a specific intent crime, *United States v. You,* 382 F.3d 958, 965 (9th Cir.2004), the district court did give a specific intent instruction on harboring. For the reasons discussed above, the general "knowledge" instruction did not interfere with the jury's finding of specific intent.

■ We review for abuse of discretion Tetyana and Valeriy's argument that the particular mens rea language the court used in its instruction on 8 U.S.C. § 1328 did not adequately convey specific intent. *United States v. Shipsey,* 363 F.3d 962, 966 n. 3 (9th Cir.2004). We have previously approved specific intent instructions that require the jury to find the defendant acted "with the purpose" of committing the criminal act. *You,* 382 F.3d at 966 & n. 3; *United States v. Gracidas–Ulibarry,* 231

F.3d 1188, 1196 (9th Cir.2000) (en banc). Furthermore, the court's instruction precisely followed the intent language written into the statute. 8 U.S.C. § 1328. This was not an abuse of discretion.

## VI. *Sufficiency of the Evidence*

■ There was sufficient evidence that Oleksander acted "for the purpose of commercial advantage or private financial gain," 8 U.S.C. § 1324(a)(2)(B)(ii), under an aiding-and-abetting theory. The government provided substantial evidence, through witness testimony, videotape and wiretap evidence, from which a rational jury could find that Oleksander assisted persons who were acting "with a pecuniary motive." *See United States v. Tsai,* 282 F.3d 690, 697 (9th Cir.2002). The government was not required to specify whether it sought to convict him as a principal or as an aider-and-abetter. *United States v. Garcia,* 400 F.3d 816, 820 (9th Cir.2005).

■ There was also sufficient evidence to convict Tetyana and Valeriy of violating 18 U.S.C. § 1957(a) (Count 51), because the government presented testimonial, wiretap and bank records evidence indicating that all of the money in their bank accounts was the proceeds of smuggling. A rational juror could have reasonably found that their business was a "fraudulent enterprise in its entirety." *Hanley,* 190 F.3d at 1026.

## VII. *Sentencing*

Oleksander's mandatory minimum sentence was proper. When the jury is properly instructed that it must find each of the elements of a crime and delivers a guilty verdict, we presume the jury found all elements present. *See United States v. Montalvo,* 331 F.3d 1052, 1059 (9th Cir. 2003).

■ Because Tetyana, Valeriy, and Serge were sentenced under the then-mandatory Sentencing Guidelines, we remand to the district court to determine whether their sentences would have been different under an advisory Guidelines system. *United States v. Ameline,* 409 F.3d 1073, 1079 (9th Cir.2005) (en banc).

**AFFIRMED. REMANDED.**