**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Serge L. MEZHERITSKY, a/k/a Sergei Parfenov, Serge Merritt and Seryozha,**
**Defendant–Appellant.**

---

United States of America,
Plaintiff–Appellee,

v.

Tetyana Mifodievna Komisaruk, a/k/a
Tanya, Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Valeriy Komisaruk, Defendant–
Appellant.

Nos. 06–50565, 06–50566, 06–50573.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 5, 2007.*

Filed Feb. 12, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Michael J. Raphael, Esq., Daniel A. Saunders, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Alvin E. Entin, Esq., Entin, Della Fera and Greenberg, Fort Lauderdale, FL, for Defendant–Appellant.

Before: BRIGHT **, PREGERSON, and WARDLAW, Circuit Judges.

MEMORANDUM ***

In *United States v. Latysheva*, 162 Fed. Appx. 720 (9th Cir.2006) (unpublished), we affirmed the convictions of Serge Mezheritsky ("Mezheritsky"), Tetyana Komisaruk ("T. Komisaruk") and Valeriy Komisaruk ("V. Komisaruk") (collectively "Defendants" or "Appellants") stemming from an alien-smuggling operation they ran from Mexico. We remanded for re-sentencing, however, pursuant to our decision in *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005) (*en banc*). On remand, the district court, after obtaining supplemental briefing and holding a hearing, concluded that it would not have imposed different sentences had it known the Sentencing Guidelines were advisory.

Appellants argue in this appeal that their sentences are procedurally and sub-

---

** The Honorable Myron H. Bright, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

stantively unreasonable. We **AFFIRM.**[1]

## DISCUSSION

### A. Did the district court misapprehend the scope of its authority under Ameline?

■ Defendants argue that the district court erred on remand by (1) failing to consider every factor under 18 U.S.C. § 3553(a) ("Section 3553(a)"); (2) giving presumptive weight to the Sentencing Guidelines; and (3) failing to state its reasons for imposing a particular sentence. In their view, these alleged errors establish that the district court did not fully understand the scope of its authority following the *Ameline* remand. Each of these objections is without merit.

On an *Ameline* remand, the district court must decide "whether the sentence [it previously] imposed would have been materially different had the district court known that the Guidelines were advisory." 409 F.3d at 1084. In addressing this issue, *Ameline* does not require the district court to hold a sentencing hearing anew. Rather, the district court need only obtain the " 'views of counsel.' " *See id.* at 1085 (quoting *United States v. Crosby*, 397 F.3d 103, 120 (2d Cir.2005)); see *also United States v. Montgomery*, 462 F.3d 1067, 1069 (9th Cir.2006) ("We now explicitly restate what *Ameline* requires: that, on *Ameline* remand, a district court *must* obtain, or at least solicit, the view of counsel in writing before deciding whether re-sentencing is appropriate.") (emphasis added). If the district court concludes that a defendant's sentence would not have differed materially had it been aware that the Guidelines were advisory, then it need only to place on the record an "appropriate explanation" for its "decision not to resentence." *Ameline,* 409 F.3d at 1085.

In this case, the record shows that the district court fully complied with *Ameline*'s procedural dictates and fully understood the scope of its post-*Booker* authority to impose a non-Guidelines sentence on remand. The district court: (1) reviewed the parties' submissions, all of which included discussions of the Section 3553(a) factors; (2) held a lengthy hearing during which Defendants' counsel argued that consideration of the Section 3553(a) factors militated toward a lesser sentence for each of the Defendants; and (3) *explicitly* addressed some of the Section 3553(a) factors in announcing its sentencing decision. That the district court only mentioned some, but not all, of the factors on the record does not mean that it failed to consider all of the Section 3553(a) factors. The district court was not required to *explicitly* consider every Section 3553(a) factor on the record. *See Montgomery,* 462 F.3d at 1071 ("[T]he district court is not required to enumerate each § 3553(a) factor in its decision" on an *Ameline* remand.) (citation omitted). We therefore reject Defendants' first contention that the district court erred by failing to consider "every" Section 3553(a) factor on remand.

We also reject Defendants' second contention that the district court accorded presumptive weight to the Sentencing Guidelines on remand. From our review of the record, it is clear that the district court considered the possibility of a non-Guidelines sentence by considering both written and oral arguments regarding the Section 3553(a) factors.

Finally, we reject Defendants' argument that the district court failed to state its reasons for re-imposing their original sen-

---

1. Mezheritsky, T. Komisaruk, and V. Komisaruk received sentences of 210, 168, and 151 months, respectively. Because the parties are familiar with the facts and procedural history, we discuss them only to the extent necessary to the disposition of the issues presented.

tences. The district court offered several reasons why it would not have imposed different sentences had it known the Guidelines were advisory. The district court noted the extent of Defendants' criminal offenses, mentioning case-specific activities. The district court also discounted Defendants' apologies to the Government because the apologies did not adequately account for their activities and the suffering they had inflicted on the alien-victims. Based on the reasons given, it is clear that the district court considered the existing sentencing record and Section 3553(a) factors before deciding to re-impose the original sentences. *Ameline* only requires that the district courts give an "appropriate explanation" for deciding to re-impose the same sentence after remand; here, the district court satisfied that standard by referencing case-specific reasons and discussing some of the Section 3553(a) factors.

*B. Did the district court violate any of the Defendants' constitutional rights at their original sentencings?* [2]

Defendants contend that the district court violated their constitutional rights in a number of ways during sentencing. The constitutionality of a sentence is reviewed *de novo. See United States v. Mezas de Jesus,* 217 F.3d 638, 642 (9th Cir.2000). Because circuit precedent forecloses all of Defendants' constitutional challenges, their sentences are constitutional.

■ Defendants first claim that the district court's imposition of their sentences violated their Sixth Amendment rights because certain sentencing enhancements were based on facts not found by a jury. We have already rejected that argument.

*See Ameline,* 409 F.3d at 1077–78 ("Standing alone, judicial consideration of facts and circumstances beyond those found by a jury or admitted by the defendant does not violate the Sixth Amendment right to jury trial.").

Defendants next claim that the district court erred by not finding facts at sentencing beyond a reasonable doubt before relying upon those facts to enhance their sentences. We have rejected that argument as well. *See United States v. Kilby,* 443 F.3d 1135, 1140–41 (9th Cir.2006).

■ Defendants finally claim that application of the advisory Guidelines under *Booker* violates the Due Process and Ex Post Facto clauses of the Fifth Amendment. We have also rejected these arguments. *See United States v. Staten,* 466 F.3d 708, 714 (9th Cir.2006) (holding application of *Booker*'s remedial holding to sentencing determinations on direct review does not implicate retroactivity due process concerns) (citing *United States v. Dupas,* 419 F.3d 916, 919–21 (9th Cir.2005), *cert. denied,* 547 U.S. 1011, 126 S.Ct. 1484, 164 L.Ed.2d 261 (2006)).

*C. Were the district court's factual findings regarding Defendants' creation of a substantial risk of bodily injury and the injury of a smuggled alien clearly erroneous?*

Defendants contend that the district court erred in calculating the applicable Guidelines ranges because it erroneously found that: (1) Defendants created a substantial risk of bodily injury (resulting in a two-level enhancement); and (2) one of the aliens sustained a serious bodily injury while he was being smuggled by Defen-

---

**2.** "[W]here sentencing issues are raised but not decided in an appeal prior to an *Ameline* remand, those issues are properly before the Court on any subsequent appeal from the *Ameline* remand, along with any challenges to the results of the *Ameline* remand itself." *United States v. Thornton,* 511 F.3d 1221, 1227 (9th Cir.2008).

dants (resulting in a four-level enhancement).

We review the district court's factual findings for clear error. *See United States v. Mix,* 457 F.3d 906, 911 (9th Cir.2006). The district court's interpretation of the Guidelines is reviewed *de novo,* and its application of the Guidelines to the facts is reviewed for an abuse of discretion. *See id.* [3] Because neither finding was clearly erroneous, the district court did not err by enhancing Defendants' sentences.

*1. Creation of a Substantial Risk of Bodily Injury*

■ Section 2L1.1(b)(5) ("(b)(5) enhancement") [4] of the Sentencing Guidelines provides for a two-level enhancement "[i]f the offense involved intentionally *or recklessly* creating a substantial risk of death or serious bodily injury to another person." U.S.S.G. § 2L1.1(b)(5) (2002) (emphasis added). The district court found by clear and convincing evidence that Defendants recklessly created a substantial risk of serious bodily injury through their smuggling activities. Specifically, the district court found the (b)(5) enhancement to be justified by Defendants' practices of: (1) using boats that were insufficient quality and lacked proper equipment; (2) overcrowding undocumented aliens on the boats; and (3) loading small boats with aliens in the surf of the beach.

Defendant T. Komisaruk [5] argues that the district court erred in applying the (b)(5) enhancement to her sentence be-

cause the evidence was insufficient to establish that she "intended" to create a substantial risk of death or bodily injury to any of the aliens who were on the boats. She also argues that the evidence actually showed that she intended to keep the boats in good repair at all times. These arguments fail because they ignore both the plain language of § 2L1.1(b)(5) and the overwhelming evidence introduced by the Government establishing that Defendants created a substantial risk of bodily injury to the aliens they trafficked from Mexico to the United States.

First, a(b)(5) enhancement only requires the Government to show that the defendant's actions *recklessly* created a substantial risk; the Government need not show that the defendant intentionally created the risk. Second, the practice of "carrying substantially" more passengers than the vessel is rated for falls squarely within the Guidelines commentary as an example of reckless conduct. *See* U.S.S.G. § 2L1.1, cmt. n. 6 (2002); *United States v. Hernandez–Guardado,* 228 F.3d 1017, 1027–28 (9th Cir.2000) (affirming a(b)(5) enhancement where aliens were transported in overcrowded vans without seatbelts); *see also United States v. Fine,* 975 F.2d 596, 599 n. 4 (9th Cir.1992) *(en banc)* (noting that this Court accords "considerable weight" to the Guidelines application notes (internal quotation marks omitted)). The Government presented overwhelming evidence that Defendants knowingly overloaded boats with aliens and operated them in an unsafe manner.

---

**3.** There is an intra-circuit conflict regarding how we review the application of the Guidelines to the facts. *See, e.g., Staten,* 466 F.3d at 713 n. 3 (noting that some panels have applied an abuse of discretion standard while others review the application of the Guidelines to the facts of the case *de novo* ). Because the district court did not err under either standard of review, we need not resolve this issue here.

**4.** This provision is currently codified at U.S.S.G. § 2L1.1(b)(6) (2007).

**5.** Although Defendants joined each other on all arguments, only T. Komisaruk advanced specific reasons why the Government did not establish by clear and convincing evidence that she "intentionally or recklessly" created a substantial risk of death or serious bodily injury.

The Government also correctly notes that the Guidelines require, "in the case of jointly undertaken criminal activity," that the specific offense characteristics be determined on the basis of "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1)(B) (2002). The Government introduced evidence that T. Komisaruk was aware of the dangerous condition of the boats and did nothing to forestall their use as part of the smuggling operation.

In light of the evidence the Government presented at trial, the district court's factual finding that Defendants recklessly created a substantial risk of serious bodily injury by using unsafe and overcrowded boats as part of their smuggling operation is not clearly erroneous. The district court therefore did not abuse its discretion in concluding that the (b)(5) enhancement applied to Defendants' conduct.

## 2. Injury Sustained by a Smuggled Alien

■ Section 2L1.1(b)(6) ("(b)(6) enhancement")[6] of the Sentencing Guidelines provides for a four-level enhancement if any person sustained a serious bodily injury in connection with an alien-smuggling offense. U.S.S.G. § 2L1.1(b)(6) (2002). The district court concluded that an alien ("Myronenko") sustained a broken ankle, which required surgery, when the boat in which he was being smuggled capsized. Accordingly, the district court applied the four-level (b)(6) enhancement to Defendants' sentences. Defendants argue that the district court erred in doing so because: (1) they did not intentionally or

recklessly cause Myronenko's injury; and (2) there is no causal connection between his injury and "any dangerous conditions that existed on the boat." These arguments are without merit.

First, the Government is not required to establish Defendants acted recklessly or intentionally in causing Myronenko's injury. There's no specific intent requirement for a (b)(6) enhancement to apply. See United States v. Herrera–Rojas, 243 F.3d 1139, 1144 (9th Cir.2001) ("Section (b)(6)[(2)] states simply that if [serious bodily injury] results, an increase is required. The failure to specify that intent is required, immediately following a section that specifies intent, is a clear indication that no intent is necessary for an increase under § (b)(6)."). It is immaterial whether Defendants intended to cause Myronenko's injury.

Second, the Government did not have to show that a *particular* dangerous condition that existed on the boat caused Myronenko's injury. Rather, the Government need only show that his injury was "causally connected to dangerous conditions created by the unlawful conduct." *Id.* at 1145 n. 1.[7] After reviewing the record, we are satisfied that there was ample evidence before the district court establishing a causal connection between the dangerous conditions created by Defendants and Myronenko's injury. He was injured while trying to board and/or disembark from an unsafe boat (piloted by an inexperienced person) that had capsized in the surf off the beach. Defendants were not only aware of these practices (using unsafe boats, inexperienced pilots, etc.) but endorsed them.

---

**6.** This provision is currently codified at U.S.S.G. § 2L1.1(b)(7) (2007).

**7.** The Government correctly notes that this language is dictum. In *Herrera–Rojas,* the Court "assumed" that the Government must establish a causal connection between the

person's injury (or death) and some dangerous condition before applying the (b)(6) enhancement. *See* 243 F.3d at 1144 n. 1. Without deciding the issue, we follow *Herrera–Rojas* for the purpose of this appeal.

Because the Government established by clear and convincing evidence a causal connection between Defendants' unlawful conduct and Myronenko's injury, the district court's findings of fact relating to his injury were not clearly erroneous and its decision to impose the four-level (b)(6) enhancement was not an abuse of discretion.

*D. Did the district court err by basing its sentencing decision in part on hearsay evidence?*

█ We review for abuse of discretion the district court's determination that hearsay statements were sufficiently reliable to be considered for purposes of sentencing. *See United States v. Berry,* 258 F.3d 971, 976 (9th Cir.2001).

Defendants first argue that *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), bars the district court from relying on testimonial hearsay statements during sentencing. We have already rejected that argument. *See United States v. Littlesun,* 444 F.3d 1196, 1199–1200 (9th Cir.2006).

Defendants next argue that even if the district court may generally consider hearsay evidence during sentencing, it can only do so when it is "accompanied by some minimal indicia of reliability." *Id.* at 1200 (internal quotation marks omitted). Specifically, Defendants contend that the district court improperly considered several hearsay declarations that included information about the number of smuggled aliens and Myronenko's injury because those declarations lacked some "minimal indicia of reliability." Having reviewed the record, we conclude that the district court did not abuse its discretion by admitting those declarations during sentencing because they each had a minimal indicia of reliability. The district court therefore properly relied on this hearsay evidence in determining the number of aliens smug-

gled by Defendants and whether an alien sustained a serious injury as a result of their activities.

*E. Are Defendants' sentences unreasonable because the district court committed both procedural and substantive errors during sentencing?*

█ Finally, Defendants argue that the sentencing process employed by the district court was procedurally infirm and their sentences are substantively unreasonable. We reject these contentions.

Following an *Ameline* remand, our scope of review for "reasonableness" is limited to the sole issue of "[w]hether the district judge properly understood the full scope of his discretion in a post-*Booker* world." *United States v. Combs,* 470 F.3d 1294, 1297 (9th Cir.2006). The district court judge here provided the parties with multiple "opportunit[ies] to present argument both as to the scope of his post-*Booker* sentencing discretion and as to whether the facts of defendant[s'] case[s] warranted [ ] sentence[s] outside the Guidelines range." *Id.* at 1297 (citations omitted). He then issued both an oral and written ruling in which he indicated that he would not have sentenced the Defendants differently under an advisory Guidelines system. In *Combs,* we held that a district court's decision to stick with Defendants' original sentences was reasonable when it complied with *Ameline*'s procedural dictates. *See id.* And that's what the district court did here. Defendants' sentences are therefore both procedurally and substantively reasonable.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court.